UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Lance Patrick Alexander and<br>Terri Ann Alexander,<br>　　　　Debtors, | Bankruptcy No. 17-21820-JAD<br><br>Chapter 13 |
| Lance Patrick Alexander and<br>Terri Lynn Alexander,<br>　　　　Movants, | |
| 　　　v. | Related to DD No. 142, 147<br>DD No. 151 |
| Ronda J. Winnecour, Chapter 13 Trustee,<br><br>　　　Respondents, | |

REPLY CONCERNING APPLICATION TO EMPLOY

AND NOW the Debtors Lance and Terri Alexander, through attorney David A. Colecchia, Esq, file the within reply concerning the Debtors' Application to Employ.  In support of said Application, the Debtors aver the following:

1.　　　The Office of the Chapter 13 Trustee's response discusses, in part the requirement of pre-approval of Special Counsel for the Debtors in Chapter 13 matters.

2.　　　The Debtors maintain their argument in the Motion that the proposed special counsel is appropriate for the reasons stated therein, and will not re-hash those arguments here.

3.　　　However, in preparing for an upcoming hearing on this matter, the Debtors have discovered substantial case law, and a split of authority, on the question of pre-approval in the first instance.

4.　　　More specifically, a growing body of bankruptcy courts have indicated that special counsel for the Debtors never need pre-approval under 11 USC §327, and only need

to submit a statement pursuant to F. R.Bankr.P. 2016.  See, e.g. in re Roggio, 577 B.R. 458

(Bankr.M.D.Pa. 2017) (Application to employ real estate agent not needed, as Court had no

authority to grant dame under §327, and any Order would only be an advisory opinion); In re

Demeza, 16-02789, 3-5 (Bankr.M.D.Pa. 2018)(following, and analyzing, Roggio case in contaxt

of creditor seeking appointment of counsel); In re Blume, 591 B.R. 675, 679 (Bankr.E.D.Mi.

2018) (Debtor does not need to seek bankruptcy court approval to employ special counsel); In re

Jones, 505 B.R. 229, 233 (Bankr.E.D.Wi. 2014)(same).

5.    Substantial disagreement exists on this point with other bankruptcy courts.

See In re Goines, 465 B.R. 704, 706-707 (Bankr.N.D.Ga. 2012)(Debtor has obligation to seek

appointment of special counsel under §327), and In re Wright, 578 B.R. 570, 580-582

(Bankr.S.D.Tx. 2017)(requiring preapproval).

6.    In Debtor's view, the cases that do not require pre-approval have the

stronger argument.

7.    More specifically, 11 USC §327 applies to a "Trustee".

8.    While F.R.Bankr.P. 9001(11) defines "Trustee" to include a Chapter 11

Debtor in Possession, it specifically does not list a chapter 13 "Debtor in possession".

9.    In fact, a review of Chapter 13 of the Bankruptcy Code finds that, while a

Debtor is allowed to hold and use certain property pursuant to 11 USC §1303, such a Debtor is

not defined as a "Debtor in Possession", nor does any other part of Chapter 13 indicate such a

Debtor is a "Debtor in possession", as defined under the Bankruptcy Code.

10.    To that end, if while a Debtor may "use" (i.e. prosecute) a claim that is

estate property under 11 USC §1303, the Debtor does not have to obtain permission to hire

counsel for such a prosecution.

11.    While the Debtors maintain that the proposed Special Counsel is appropriate, the Debtors submit that such preapproval may be unnecessary, or requiring such preapproval may not be allowed under the dictates of the Code and related Rules.

WHEREFORE, the Debtor respectfully requests this Honorable Court approve the appointment of proposed Special Counsel, or in the alternative, find such approval is not necessary.

Date: August 2, 2021                      Respectfully Submitted,


/s/David A. Colecchia
David A. Colecchia, Esq.
David A. Colecchia and Associates
324 South Maple Ave.
Greensburg, PA 15601
724-837-2320
PA.I.D.No. 71830
colecchia542@comcast.net